UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRADEEP GOPALAKRISHNA GOWDA, ET AL., | Case No.  25-cv-09262-TLT |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| JOSEPH B. EDLOW, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | Re: Dkt. No. 11 |
| Defendant. | |

Before the Court are Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  ECF 11.  The Court finds that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).  Plaintiffs' First Amended Complaint ("FAC") alleges that Defendant unreasonably delayed their Form I-485 Application, which was concurrently filed with their Form I-526 Petition, and that Petition was subsequently approved after the filing of their initial Complaint.

In its Motion, Defendant argues solely that the Court lacks jurisdiction to review Plaintiffs' claim.  Plaintiffs' I-485 Application has been pending for 14 months at the time of this Order.

After reviewing the parties' briefs, the responses to supplemental questions, and the relevant legal authority, the Court **GRANTS** Defendant's Motion to Dismiss for the reason not raised by Defendant.  Because the Court recently ruled on an action similarly situated to the current action, the Court **DISMISSES** Plaintiff's FAC **WITHOUT PREJUDICE**.

//

## I.    BACKGROUND

Plaintiffs are citizens of India and residents in the city of San Ramon, California.  ECF 7 ¶ 1.  On March 28, 2025, Plaintiffs submitted a Form I-526E Petition[1] and concurrently a Form I-485 Application[2] to Defendant United States Citizenship and Immigration Services ("USCIS"). *Id*. ¶ 26.  The Form I-526E is used by an immigrant applicant participating in the EB-5 program under 8 U.S.C. § 1153(b)(5).  These individuals pool their investments with one or more qualified immigrants involved in the regional center program to apply to USCIS for immigrant status.  ECF 1 ¶¶ 12–14.  The Form I-485 is used for certain employment-based immigrant applicants to register or adjust their permanent resident status.  ECF 11 at 2.

On October 28, 2025, Plaintiffs filed a Complaint, requesting that the Court order Defendant to adjudicate those applications.  ECF 1 ¶ 97.  On December 1, 2025, Plaintiffs' Form I-526E Petition was approved.  ECF 7 ¶ 29.

On December 5, 2025, Plaintiffs filed the FAC, alleging that Defendant has unreasonably delayed adjudication of their Form I-485 Application.  *Id*. ¶ 40.

On March 13, 2026, Defendant filed the instant Motion to Dismiss Plaintiff's FAC.  ECF 11.  On April 17, 2026, Plaintiffs responded to the Motion to Dismiss.  ECF 18.  Defendant requested unopposed extensions of time to file its reply on April 24, 2026, and May 12, 2026, and the Court granted.  ECF 20, 22.  The filing deadline for Defendant's reply has passed.

On May 15, 2026, the Court requested that the parties respond to supplemental questions for the Motion to Dismiss, and the parties provided their answers.  ECF 23–26.  On May 21, 2026, USCIS published a policy memorandum,[3] *inter alia*, reminding adjudicating officers to consider "all relevant factors and information in the totality of the circumstances" when processing adjustment of status applications.

---

[1] According to Form G-1055 published on May 29, 2026, the filing fee for Form I-526E Petition is $3,675 plus a $1,000 Integrity Fund fee for regional center investors.  https://www.uscis.gov/sites/default/files/document/forms/g-1055.pdf

[2] The exact filing fee for Form I-485 Application depends on the applicant's preexisting status, including, but not limited to, marital status, age, occupation, and refugee status, and the general filing fee is $1,440 for paper filing and $1,390 for online filing.  *Id*.

[3] https://www.uscis.gov/sites/default/files/document/memos/PM-602-0199-AdjustmentOfStatusAndDiscretion-20260521.pdf

## II.    DISCUSSION

### A.    DEFENDANT'S JURISDICTION ARGUMENT FAILS.

Defendant contends that the Court lacks jurisdiction to hear Plaintiffs' claim, including the pace of adjudication of I-485 adjustment applications, "because the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(b)(ii) precludes judicial review of Plaintiffs' claims." ECF 11 at 4–6; ECF 26 at 2–4.

The Court disagrees. The Court has held that it does not lack jurisdiction to review the pace of adjudication of I-485 adjustment applications. *See Ting Cai v. United States Citizenship and Immigration Service (USCIS), et al.*, No. 25-cv-00831-TLT, ECF 47 at 5–7 (N.D. Cal. May 27, 2026); *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *10 (N.D. Cal. Feb. 20, 2026); *Kalinowsky v. Mayorkas*, No. 22-cv-07209-VKD, 2023 WL 6165708, at *4 (N.D. Cal. Sept. 20, 2023); *see also Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1166–67 (N.D. Cal. 2007); *Mugomoke v. Curda*, No. 2:10-cv-02166-KJM, 2012 WL 113800, at *5 (E.D. Cal. Jan. 13, 2012).

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss under Rule 12(b)(1) and 12(b)(6), but **DISMISSES** Plaintiff's FAC for the reason below.

### B.    DEFENDANT HAS NOT UNREASONABLY DELAYED PLAINTIFFS' I-485 APPLICATION.

Although Defendant's Motion to Dismiss and the parties' briefs are limited to the Court's jurisdiction, the Court finds it necessary to address the merits of the FAC. The FAC asserts that Defendant unreasonably delayed their Form I-485 Application, which has been pending for 14 months at the time of this Order. ECF 7 ¶¶ 39–105. Plaintiffs essentially argue that, because their underlying Form I-526E Petition was approved, their concurrently filed Form I-485 Application must be adjudicated immediately under the broad umbrella of the EB-5 program. *See id* ¶¶ 13–14, 18, 22–23, 26, 28.

The FAC and supplemental briefings addressed why it should be unreasonable under six *TRAC* factors. ECF 7, 24. However, "our district has held that in light of the first *TRAC* factor, delays of under four years in adjudicating adjustment of status applications are not unreasonable." *Cai.*, at 7–8 (two years delay not unreasonable); *Khan v. Scharfen*, No. 3:08–cv–1398 SC, 2009 WL 941574, at *9–10 (N.D. Cal. Apr. 6, 2009) (one-year delay not unreasonable); *Taiebat v.*

*Scialabba*, No. 17-cv-0805-PJH, 2017 WL 747460, at *4 (N.D. Cal. Feb. 27, 2017) (delay less than two years is not unreasonable); *Islam v. Heinauer*, No. C 10-04222 JSW, 2011 WL 2066661, at *7–8 (N.D. Cal. May 25, 2011) (three years delay not yet unreasonable); *cf. Islam v. Heinauer*, 32 F.Supp.3d 1063, 1071 (N.D. Cal. 2014) (five years and ten months delay is unreasonable); *Gao v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665, at *5 (N.D. Cal. Apr. 8, 2026) (delay for 57 months (including stay) or 48 months (excluding stay) is unreasonable).

Because Plaintiffs' Form I-485 Application has been pending for 14 months, far under the delay threshold recognized in this district, and given USCIS's May 21, 2026 memorandum that requires adjudicating officers to consider the totality of the circumstances of the applicant when processing adjustment of status applications, the Court finds that Defendant has not unreasonably delayed Plaintiff's Form I-485 Application.

## III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint but **DISMISSES** Plaintiffs' First Amended Complaint **WITHOUT PREJUDICE**, consistent with rulings in this district.  As this decision is made without prejudice, Plaintiffs may file an amended complaint if the delay in processing the Form I-485 Application is duly recognized as unreasonable in this district.

This Order resolves ECF 11.

IT IS SO ORDERED.

Dated: June 2, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California